STATE OF NORTH CAROLINA     FILED     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF STOKES     2022 AUG 16 P 2:52     22 CVS 536

STOKES CO., C.S.C.

BY

LIFEBRITE HOSPITAL GROUP OF STOKES, LLC,

*Plaintiff,*

**COMPLAINT**
**(Jury Trial Requested)**

vs.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

*Defendant.*

NOW COMES THE PLAINTIFF, complaining of the Defendant as follows:

1) Lifebrite Hospital Group of Stokes, LLC, is a Limited Liability Company that operates in the city of Danbury, Stokes County, North Carolina.

2) The Defendant, Travelers Property Casualty Company of America, is an insurance company incorporated under the laws of a state unknown to the Plaintiff, but it maintains offices in Mecklenburg County and sells casualty and other insurance within the state of North Carolina. The defendant is referred to as "Travelers" or "Defendant."

3) At all times relevant to this action, Plaintiff maintained a casualty insurance policy from Travelers for 1570 NC 8, North Carolina ("subject property 1"), policy number PJ630-0N771299 with a policy period of 1/30/2019-1/30/2020; and all premiums due under the policy were paid.

4) At all times relevant to this action, Plaintiff maintained a casualty insurance policy from Travelers for 89 Hwy N., Danbury, North Carolina ("subject property 2"), policy number PJ630-0N771299 with a policy period of 1/30/2019-1/30/2020; and all premiums due under the policy were paid.

5) Under the terms of the policy, Travelers provided insurance coverage for the subject properties, for damage as a result of hail as well as other forms of possible damage.

6) On or about May 31, 2019, a wind/hail event occurred, and the subject properties suffered wind/hail damage. The Defendant was notified after the incident occurred.

7) The report prepared by Mr. Zdeneck consisted of multiple photographs of building conditions. In addition, Roof 911 prepared a "Wind Impact Report" that included information such as severe thunderstorm warnings issued in the afternoon of May 31, 2019.

1

8) According to the Wind Impact Report provided by Roof 911 to Travelers, severe thunderstorms were located in surrounding areas as well as hazards including 60 mph wind gusts and hail up to 1.25".

9) On or about April 23, 2021, Travelers retained Luis Mariaca, MS, PE, an engineer with Applied Building Sciences, to assist with their investigation.

10) Mr. Mariaca observed evidence of possible hailstone impact marks on various parts of the roof but recommended further research.

11) Photos of the damage were included, and described as "holes, punctures, rips, and tears.", consistent with some of the conditions observed by Mr. Mariaca.

12) Without justification, Defendant denied Plaintiff's insurance claim.

13) Defendant has failed to properly distribute funds in a timely and thorough manner, resulting in Plaintiffs' loss.

14) At all times prior to and after the hail damage, the Plaintiff complied with requests from the Defendant.

## COUNT I
## BREACH OF CONTRACT
## SUBJECT PROPERTY 1

15) The paragraphs above are hereby incorporated by reference as if fully set forth herein.

16) The Defendant has breached their contract with the Plaintiff in one or more of the following ways:

   a. Failed to pay for losses covered by the insurance policy.
   b. Failed to properly investigate the loss.
   c. Accepted premiums but failed to provide coverage for documented losses.
   d. Failed to provide a reasonable explanation for denying coverage.

17) As a proximate result of the breach of contract by the Defendant, the Plaintiff has been damaged in an amount in excess of $25,000.

## COUNT II
## BAD FAITH AND
## VIOLATION OF THE UNFAIR CLAIM SETTLEMENT PRACTICES ACT
## SUBJECT PROPERTY 1

18) The paragraphs above are hereby incorporated by reference as if fully set forth herein.

19) The Defendant committed one or more of the following acts:

   a. Misrepresented pertinent facts or insurance policy provisions relating to coverages at issue.
   b. Failed to acknowledge and act reasonably upon communications with respect to claims arising under the insurance policy.
   c. Refused to pay claims without conducting a reasonable investigation based upon all available information.
   d. Not attempting in good faith to effectuate prompt, fair, and equitable settlement of a claim in which liability had become reasonably clear.
   e. Compelled the plaintiffs/insureds to institute litigation to recover amounts due under the insurance policy by offering substantially less than the amounts that will ultimately be recovered in this action by the insured plaintiffs.
   f. Attempted to settle the claim for an amount less than the amount to which a reasonable individual would have believed they were entitled.
   g. Failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

## COUNT I
## BREACH OF CONTRACT
## SUBJECT PROPERTY 2

20) The paragraphs above are hereby incorporated by reference as if fully set forth herein.

21) The Defendant has breached their contract with the Plaintiff in one or more of the following ways:

   a. Failed to pay for losses covered by the insurance policy.
   b. Failed to properly investigate the loss.
   c. Accepted premiums but failed to provide coverage for documented losses.
   d. Failed to provide a reasonable explanation for denying coverage.

22) As a proximate result of the breach of contract by the Defendant, the Plaintiff has been damaged in an amount in excess of $25,000.

## COUNT II
## BAD FAITH AND
## VIOLATION OF THE UNFAIR CLAIM SETTLEMENT PRACTICES ACT
## SUBJECT PROPERTY 2

23) The paragraphs above are hereby incorporated by reference as if fully set forth herein.

24) The Defendant committed one or more of the following acts:

   a. Misrepresented pertinent facts or insurance policy provisions relating to coverages at issue.
   b. Failed to acknowledge and act reasonably upon communications with respect to claims arising under the insurance policy.
   c. Refused to pay claims without conducting a reasonable investigation based upon all available information.
   d. Not attempting in good faith to effectuate prompt, fair, and equitable settlement of a claim in which liability had become reasonably clear.
   e. Compelled the plaintiffs/insureds to institute litigation to recover amounts due under the insurance policy by offering substantially less than the amounts that will ultimately be recovered in this action by the insured plaintiffs.
   f. Attempted to settle the claim for an amount less than the amount to which a reasonable individual would have believed they were entitled.
   g. Failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

25) Said act or acts violate the Unfair Claim Settlement Practices Act as set forth in N.C. Gen. Stat. §58-63-15.

26) The acts of the Defendant have affected Plaintiff and the subject property.

27) As a proximate result of the acts of the Defendant, the Plaintiff has been damaged in amount in excess of $25,000.00.

THEREFORE, the Plaintiff prays unto the Court for the following relief.

1. That the Plaintiff has and recovers of the Defendant's compensatory damages in excess of $25,000.00 and treble damages for unfair and deceptive trade practices.

2. That the costs of this action, together with interest, be taxed against the Defendant.

3. That the Plaintiffs have and recover attorney fees if such is allowed by law.

4. That all issues be tried to a jury.

5. For such other relief as the Court deems just and proper.

This the 15th day of August, 2022.

_____
Brittany N. Conner, State Bar No. 53913
Attorney for Plaintiff
DEVORE, ACTON and STAFFORD, P.A.
438 Queens Road
Charlotte, NC 28207
Tel: 704-377-5242
Fax: 704-332-2825
bconner@devact.com


Patrick C. McGinnis
CHAD T. WILSON LAW FIRM, PLLC
455 East Medical Center Blvd, STE 555
Webster, Texas 77598
Tel: 832-415-1432
Fax: 281-940-2137
pmcginnis@cwilsonlaw.com

5