IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LIFEBRITE HOSPITAL GROUP      )
OF STOKES, LLC,               )
                              )
            Plaintiff,        )
                              )
      v.                      )      1:22-cv-849
                              )
TRAVELERS PROPERTY CASUALTY   )
COMPANY OF AMERICA,           )
                              )
            Defendant.        )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Before this court is Defendant's Motion to Dismiss Count
II. (Doc. 7.) Defendant filed a brief in support of its motion,
(Doc. 8), Plaintiff responded in opposition, (Doc. 14), and
Defendant replied, (Doc. 16). For the reasons stated herein,
Defendant's Motion to Dismiss Count II will be granted.

## I.    FACTUAL BACKGROUND

On a motion to dismiss, a court must "accept as true all of
the factual allegations contained in the complaint and draw all
reasonable inferences in favor of the plaintiff." Ray v. Roane,
948 F.3d 222, 226 (4th Cir. 2020) (cleaned up). The facts, taken
in the light most favorable to Plaintiff, are as follows.

From January 1, 2019, to January 30, 2020, Lifebrite
Hospital Group of Stokes, LLC, ("Plaintiff") maintained a

casualty insurance policy from Travelers Property Casualty
Company of America ("Defendant") on two of its properties
("Subject Property One and Two"). (Compl. (Doc. 3) at 1.)[1] On May
31, 2019, "a wind/hail event occurred," and caused damage to
Plaintiff's properties. (Id. ¶ 6.) On an unspecified date,
Plaintiff notified Defendant of the damage and resulting loss.
(Id. ¶ 7.) "Mr. Zdeneck" and "Roof 911"[2] prepared reports of the
event. (Id.) Zdeneck's report contained "multiple photographs of
[the] building conditions." (Id.) Roof 911 prepared a "Wind
Impact Report" that contained information about wind speeds,
storm warnings, and hail size on the day of the wind and hail
event. (Id. ¶¶ 7-8.) The "Wind Impact Report" was given to
Defendant. (Id. ¶ 8.)

On or about April 23, 2021, Defendant retained Luis
Mariaca, an engineer, to investigate the event. (Id. ¶ 9.)
Mariaca "observed evidence of possible hailstone impact marks on
various parts of the roof," and included photos of the roof
damage, described as "holes, punctures, rips, and tears." (Id.

---

[1] All citations in this Memorandum Opinion and Order to
documents filed with the court refer to the page numbers located
at the bottom right-hand corner of the documents as they appear
on CM/ECF.
[2] The identities of Zdeneck and Roof 911, and their
relationships to either party, are unclear to this court from
the pleadings.

- 2 -

¶¶ 10-11.) Mr. Mariaca ultimately "recommended further research." (Id. ¶ 10.) Defendant then denied Plaintiff's insurance claim without justification. (Id. ¶ 12.)

## II. **PROCEDURAL HISTORY**

Plaintiff originally filed this action in North Carolina state court on August 16, 2022, (see Ex. 1 (Doc. 1-2)), and Defendant removed it to this court, (see Doc. 1).[3]

Plaintiff alleges injury to two different properties: Subject Property One and Subject Property Two. (Compl. (Doc. 3) ¶ 6.) As to each property, Plaintiff asserts one claim of breach of contract, (Count I), and one claim of "Bad Faith and Violation of the Unfair Claim Settlement Practices Act," (Count II), resulting in a complaint with two Count Is and two

─────────────────

[3] Plaintiff's response alleges, for the first time, that Defendant's answer, (Doc. 9), and Motion to Dismiss, (Doc.7), are untimely, (Doc. 14 at 2). Even if correct, that issue is irrelevant to this case now. No motion for default was filed and the case is currently proceeding on the merits. There is a strong preference in the Fourth Circuit for deciding cases on the merits. See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."). This Court will assume without deciding that Defendant's Order from the Stokes County Superior Court established the pleading deadline as November 23, 2022, (Ex. 2 (Doc. 1-3); Ex. 3 (Doc. 1-4)), and the Order remained valid after removal.

Count IIs. (Id. at 2–4.) Defendant filed a motion to dismiss both Count IIs for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 7.) Defendant filed an accompanying memorandum. (Mem. of Law in Supp. of Def.'s Mot. to Dismiss Count II ("Def's Br.") (Doc. 8).) Plaintiff responded in opposition, (Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss Count II ("Pl.'s Resp.") (Doc. 14)), and Defendant replied, (Reply Mem. in Supp. of Def.'s Mot. to Dismiss Count II ("Def.'s Reply") (Doc. 16)).

## III. **STANDARD OF REVIEW**[4]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be facially plausible, a claim must "plead[] factual content that allows the court to draw the

---

[4] Plaintiff cites the North Carolina state law standard of review and asks the court to "liberally construe[]" the complaint. (Pl.'s Resp. (Doc. 14) at 3.) Federal law governs the standard of review after removal. See Elliott v. Am. States Ins. Co., 883 F.3d 384, 395 (4th Cir. 2018) (applying federal law as the standard of review in a removed case). Furthermore, only a complaint filed by a pro se plaintiff is liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[A] pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers.") (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

reasonable inference that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556–57). When ruling on a motion to dismiss, a court must accept the complaint's factual allegations as true. Id. Further, "the complaint, including all reasonable inferences therefrom, [is] liberally construed in the plaintiff's favor." Est. of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citation omitted).

Nevertheless, the factual allegations must be sufficient to "raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 555, 570; see also Iqbal, 556 U.S. at 680; Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (applying the Twombly/Iqbal standard to evaluate the legal sufficiency of pleadings). A court cannot "ignore a clear failure in the pleadings to allege any facts which set forth a claim." Est. of Williams-Moore, 335 F. Supp. 2d at 646. Consequently, even given the deferential standard allocated to pleadings at the motion to dismiss stage, a court will not accept mere legal conclusions as true and "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, [will] not suffice." <u>Iqbal</u>, 556 U.S. at 678.

## IV. <u>ANALYSIS</u>

Plaintiff asserts two identical claims of "Bad Faith and Violation of the Unfair Claim Settlement Practices Act," as to Subject Property One and Subject Property Two. (Compl. (Doc. 3) at 2-3.) Plaintiff alleges Defendant denied coverage of its properties in bad faith and without justification after Defendant's investigator recommended further research. (<u>Id.</u> ¶¶ 10-12.) This court construes Plaintiff's two claims of "Bad Faith and Violation of the Unfair Claim Settlement Practices Act" as each containing two different theories of recovery: common law bad faith refusal to settle[5] and violation of North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1.

For the reasons set out below, this court will find Plaintiff does not sufficiently allege facts to state a bad

---

[5] Both Count IIs are labeled in part "Bad Faith," but Plaintiff fails to allege any elements of a bad faith refusal to settle claim in its complaint. However, Defendant's motion to dismiss addressed the claim as a bad faith refusal to settle claim, and Plaintiff responded in opposition, so the court will address the claim as a bad faith refusal to settle claim.

- 6 -

faith refusal to settle claim, or a claim arising under N.C. Gen. Stat. § 75-1.1. Both Count IIs will be dismissed.

## A. **Bad Faith Refusal to Settle**

North Carolina common law recognizes the tort of bad faith refusal to settle by an insurer. See Lovell v. Nationwide Mut. Ins. Co., 108 N.C. App. 416, 420, 424 S.E.2d 181, 184, aff'd, 334 N.C. 682, 435 S.E.2d 71 (1993).

To establish a claim against an insurer for bad faith refusal to settle, the plaintiff must at least show (1) a refusal to pay after recognition of a valid claim by the insurer; and (2) bad faith. Lovell, 108 N.C. App. at 420. To recover punitive damages, the plaintiff must also show "aggravating or outrageous conduct."[6] Topsail Reef Homeowners Ass'n v. Zurich Specialties London, Ltd., 11 F. App'x 225, 237

---

[6] "Some courts applying North Carolina law have mentioned proof of 'aggravating or outrageous conduct' [as an element of bad faith refusal to settle]. See, e.g., Topsail Reef, 11 F. App'x at 237; Cleveland Constr., 819 F. Supp. 2d at 483. But those courts relied upon Lovell v. Nationwide Mut. Ins. Co., 108 N.C. App. 416, 424 S.E.2d 181, 184 (1993), for the tort elements, and Lovell set forth the elements 'to recover punitive damages for the tort of an insurance company's bad faith refusal to settle[.]' Lovell, 108 N.C. App. at 420, 424 S.E.2d at 184 (emphasis added). Regardless of whether a plaintiff always must prove aggravating conduct, a plaintiff first must plausibly allege a valid claim and the insurer's bad faith." Waterford I at Cary Park Condo. Homeowners Ass'n, Inc. v. Nationwide Prop. & Cas. Ins. Co., No. 5:22-CV-470-D, 2023 WL 2959868, at *4 n.1 (E.D.N.C. Apr. 14, 2023).

(4th Cir. 2001) (quoting <u>Lovell</u>, 108 N.C. App. at 420, 424 S.E.2d at 184). Plaintiff fails to sufficiently allege that Defendant recognized a valid claim, acted in bad faith, or acted with aggravating or outrageous conduct.

### 1. **Recognition of a Valid Claim**

In order to survive a motion to dismiss, the insured must allege bad faith after the insurer recognized a valid claim. <u>Topsail Reef</u>, 11 F. App'x at 237. A mere investigation by an insurer cannot give rise to the inference that the insurer recognized the claim as valid. <u>See</u> <u>Labudde v. Phoenix Ins. Co.</u>, No. 7:21-CV-197-FL, 2022 WL 2651846, at *6 (E.D.N.C. July 8, 2022); <u>Huang v. State Farm Fire & Cas. Co.</u>, No. 5:14-CV-00069-RN, 2015 WL 1433553, *3 (E.D.N.C. Mar. 27, 2015); <u>Newman v. N. Carolina Ins. Underwriting Ass'n</u>, No. 5:20-CV-610-FL, 2021 WL 9816246, at *5 (E.D.N.C. Sept. 11, 2021), <u>report and recommendation adopted</u> No. 5:20-CV-610-FL, 2021 WL 4476626 (E.D.N.C. Sept. 29, 2021) (all holding plaintiff failed to allege defendant recognized a valid claim when defendant denied plaintiff's claim following an investigation).

Plaintiff alleges that following an investigation by Mariaca, Defendant denied the claim. (Compl. (Doc. 3) ¶¶ 9-12.) Mariaca "observed evidence of possible hailstone impact marks on various parts of the roof but recommended further research."

- 8 -

(Id. ¶ 10.) Plaintiff argues in its response that this constituted "a clear recognition of damages." (Pl.'s Resp (Doc. 14) at 4.)

An investigation that reveals "evidence of possible hailstone impact marks," and a recommendation for "further research" falls short of supporting a reasonable and plausible inference establishing Defendant's knowledge of a valid claim. Plaintiff does not allege any other facts that would allow this court to infer that Defendant recognized Plaintiff's claim as valid.

## 2. Bad Faith and Aggravating or Outrageous Conduct

Plaintiff fails to sufficiently allege that Defendant acted in bad faith. An "honest disagreement or innocent mistake" regarding the value or validity of a claim is not "bad faith." Topsail, 11 F. App'x at 239 (quoting Dailey v. Integon Gen. Ins. Corp., 75 N.C. App. 387, 396, 331 S.E.2d 148, 155 (1985)). Furthermore, a conclusory allegation that Defendant failed to pay a valid claim is not sufficient evidence of bad faith. Waterford I, 2023 WL 2959868, at *3-4.

"Aggravated conduct may be shown by fraud, malice, gross negligence, insult, rudeness, oppression, or wanton and reckless disregard of plaintiff's rights." Lovell, 108 N.C. App. at 422, 424 S.E.2d at 185.

- 9 -

A refusal "to make <u>any investigation at all</u>," done in bad faith to "cause further damage" to a plaintiff may give rise to a tort claim in this context. <u>See</u> <u>Newton v. Standard Fire Ins. Co.</u>, 291 N.C. 105, 115–16, 229 S.E.2d 297, 303 (1976) (emphasis added); <u>see also</u> <u>von Hagel v. Blue Cross & Blue Shield of N. Carolina</u>, 91 N.C. App. 58, 62, 370 S.E.2d 695, 699 (1988) (allegations that defendant initially told plaintiff they would approve the claim, but then denied the claim after a refusal to investigate or consult an expert, was sufficient to state a claim for bad faith).

Plaintiff alleges Defendant acted in bad faith by denying Plaintiff's insurance claim without justification after Mariaca recommended further research. (Compl. (Doc. 3) ¶¶ 10, 12.)[7]

Plaintiff cites no cases in support of the contention that a potentially incomplete investigation is evidence of bad faith

---

[7] Plaintiff states new facts in its response that were not alleged in its complaint. For example, Plaintiff states that Defendant failed to conduct further testing after Mariaca's recommendation. (Pl's Resp. (Doc. 14) at 4.) Additionally, Plaintiff states that, in Defendant's denial, Defendant "said they were unable to pinpoint when the damage occurred and if it was during the[] coverage period." (<u>Id.</u>) Plaintiff may not allege new facts or make new arguments in its briefs. Furthermore, this court does not have context to evaluate the new facts in Plaintiff's response. For the reasons stated below, Plaintiff will be allowed an opportunity to allege these new facts in an amended complaint. <u>See</u> <u>infra</u> Conclusion.

or aggravating or outrageous conduct. (See Pl's Resp. (Doc. 14) at 5–6.) Cf. Westchester Surplus Lines Ins. Co. v. Clancy & Theys Constr. Co., No. 5:12-CV-636-BO, 2014 WL 2157442, at *5 (E.D.N.C. May 23, 2014), aff'd, 683 F. App'x 259 (4th Cir. 2017) (holding a delay in investigation, without more, is insufficient to show "malice, oppression, or a reckless indifference to consequences"). Rather, North Carolina precedent only supports the proposition that a failure to investigate a claim at all before denial may give rise to a bad faith claim. See Newton, 291 N.C. at 115–16, 229 S.E.2d at 303 ("Had plaintiff claimed . . . that defendant refused to make any investigation at all, . . . a different question [as to whether defendant acted in bad faith] would be presented."). Here, Plaintiff admits Defendant retained Mariaca "to assist with [Defendant's] investigation." (Compl. (Doc. 3) ¶ 9.) There is no allegation Defendant failed to make any investigation at all.

Plaintiff's allegations are not sufficient to plead bad faith or aggravating or outrageous conduct. Plaintiff merely alleges Defendant denied its claim without justification, and that Defendant's investigator recommended further research. (Id. ¶¶ 10, 12.)

Plaintiff fails to allege Defendant recognized a valid claim and acted in bad faith or with aggravating or outrageous

- 11 -

conduct, thus both bad faith refusal to settle claims must be dismissed.

## B. <u>Unfair and Deceptive Trade Practices</u>

Both Count IIs allege violations of N.C. Gen. Stat. § 58-63-15(11), which prohibits certain "Unfair Claim Settlement Practices." (Compl. (Doc. 3) ¶¶ 18-19, 23-27.) Plaintiff alleges Defendant "committed one or more" of seven listed acts, only three of which are relevant based on the facts alleged.[8] Plaintiff alleges Defendant:

> (c) Refused to pay claims without conducting a reasonable investigation based upon all available information.
> (d) Not attempting [sic] in good faith to effectuate prompt, fair and equitable settlements of claims in which liability had become reasonably clear.
> . . .

---

[8] Plaintiff's complaint originally asserted violations of seven subsections of N.C. Gen. Stat. § 58-63-15(11), (see Compl. (Doc. 3) ¶ 19 (citing §§ 58-63-15(11)(a), (b), (d), (f)-(h) & (n))), but Plaintiff only discusses three subsections in its response, (see Pl.'s Resp. (Doc. 14) at 5-6 (only discussing §§ 58-63-15(d), (f) &(n))). Plaintiff concedes any claims arising under the omitted subsections. See <u>Bacon v. State Auto Prop. & Cas. Ins. Co.</u>, No. 1:20cv1007, 2021 WL 2207056, at *10 (M.D.N.C. June 1, 2021) (dismissing claims under omitted subsections of § 58-63-15(11) when plaintiff failed to address them in their response); see also <u>Kinetic Concepts, Inc. v. Convatec Inc.</u>, No. 1:08CV00918, 2010 WL 1667285, at *6-9 (M.D.N.C. Apr. 23, 2010) (explaining that a party concedes an opponent's argument by failing to address it in their response and collecting cases in support).

- 12 -

> (g) Failed to promptly provide a reasonable
> explanation of the basis in the insurance policy in
> relation to the facts or applicable law for denial of
> a claim or for the offer of a compromise settlement.

(Id. ¶¶ 19, 24 (citing §§ 58-63-15(11)(d), (f), and (n)).)

As an initial matter, the statute upon which Plaintiff relies, N.C. Gen. Stat. § 58-63-15(11), does not authorize a private cause of action. N.C. Gen. Stat. § 58-63-15(11) ("[N]o violation of this subsection shall of itself create any cause of action in favor of any person other than the Commissioner."). "However, to survive a motion to dismiss, the plaintiff 'need not specify the correct legal theory or point to the right statute.'" Anderson v. Lancaster Aviation, Inc., 220 F. Supp. 2d 524, 528 (M.D.N.C. 2002) (quoting Pope v. Inland Prop. Mgmt., Inc., 878 F. Supp. 1114, 1116 (N.D. Ill. 1995) (inferring a private cause of action under N.C. Gen. Stat. § 75-1.1 when plaintiff only cited to § 58-63-15(11) in his complaint).

While not specifically asserted by Plaintiff in its complaint, Defendant's motion and Plaintiff's response address a potential cause of action under North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1. UDTPA generally prohibits unfair and deceptive acts, while conduct that violates § 58-63-15(11) constitutes an unfair

- 13 -

or deceptive act as a matter of law.[9] Elliott v. Am. States Ins. Co., 883 F.3d 384, 396 (4th Cir. 2018). Thus, a plaintiff's private remedy for violation of § 58-63-15(11) is to file a UDTPA claim. Id. A plaintiff may file a standalone UDTPA claim, separate and apart from § 58-63-15(11), or a UDTPA claim arising out of a violation of § 58-63-15(11). Id. at 397 n.8.

### 1. **Standalone UDPTA Claim**

To establish a standalone UDTPA claim, a plaintiff must show: (1) an unfair or deceptive act or practice, (2) in or affecting commerce, (3) which proximately caused injury to the plaintiff. N.C. Gen. Stat. § 75-1.1(a).

_____

[9] To become actionable, a § 58-63-15(11) claim requires repeated violations that "indicate a general business practice." § 58-63-15(11). A UDTPA claim arising from a violation of § 58-63-15(11) does not require the additional showing of frequency because "such conduct is inherently unfair, unscrupulous, immoral, and injurious to consumers." Elliott, 883 F.3d at 396 (quoting Gray v. N.C. Ins. Underwriting Ass'n, 352 N.C. 61, 71, 529 S.E.2d 676, 683 (2000).

- 14 -

A trade practice is "unfair" if it "is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers," and it is "deceptive" if it "possesses the tendency or capacity to mislead, or creates the likelihood of deception." First Atl. Mgmt. Corp. v. Dunlea Realty, Co., 131 N.C. App. 242, 252, 507 S.E.2d 56, 63 (1998) (cleaned up). Whether an act or practice is unfair or deceptive in this context is a question of law for the court. Gray v. N.C. Ins. Underwriting Ass'n, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000).

While Plaintiff cites the language of § 75-1.1(a) in its response, it fails to allege any facts supporting a standalone UDTPA Claim. (See Pl.'s Resp. (Doc. 14) at 4–6.) The complaint and response only reference facts relating to a UDTPA claim arising out of violations of N.C. Gen. Stat. § 58-63-15(11). (See id.) "Simply parroting the language of [a statute] is not sufficient to survive a motion to dismiss." Manoula, LLC v. Ohio Sec. Ins. Co., No. 21-CV-00718, 2022 WL 129322 (M.D.N.C. Jan. 13, 2022), aff'd, No. 22-1154, 2022 WL 17716898 (4th Cir. Dec. 15, 2022); see also Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 328 (4th Cir. 2001) ("Rule 12(b)(6) requires more than the mere recitation of boilerplate statutory language."). Thus, Plaintiff's standalone UDTPA Claim as to both Count IIs must be dismissed.

- 15 -

### 2. **UDTPA Claim Arising from a Violation of § 58-63-15(11)[10]**

Conduct violating N.C. Gen. Stat. § 58-63-15(11) violates UDTPA because "such conduct is inherently unfair, unscrupulous, immoral, and injurious to consumers." Elliott, 883 F.3d at 396 (internal quotations omitted) (quoting Gray, 352 N.C. at 71,529 S.E.2d at 683).

Plaintiff alleges Defendant violated N.C. Gen. Stat. § 58-63-15(11)(d), (f), and (n). For the reasons stated below, the court finds Plaintiff fails to sufficiently allege facts supporting those claims.

### a. **§ 58-63-15(11)(d)**

Plaintiff alleges Defendant violated N.C. Gen. Stat. § 58-63-15(11)(d) by refusing to pay claims without conducting a

_____

[10] The Fourth Circuit has noted that there is "an open question on 'whether conduct that violates § 58-63-15(11) is a per se violation of [the UDTPA], or instead whether that conduct satisfies [only the UDTPA's] conduct requirement of an unfair or deceptive act or practice.' Elliott, 883 F.3d at 396 n.7. The latter interpretation would require a plaintiff to satisfy the remaining elements of a UDTPA claim." DENC, LLC v. Phila. Indemnity Ins. Co., 32 F.4th 38, 50 n.4 (4th Cir. 2022). Regardless of whether Plaintiff sufficiently alleged the commerce and proximate cause elements of a UDTPA claim, Plaintiff fails to allege an unfair or deceptive act or practice.

- 16 -

reasonable investigation based upon all available information. (Compl. (Doc. 3) ¶¶ 19, 24.)

An investigation may be unreasonable if the investigators were "incompetent or untrustworthy." See DENC, LLC v. Phila. Indem. Ins. Co., 426 F. Supp. 3d 151, 158 (M.D.N.C. 2019), aff'd, 32 F.4th 38 (4th Cir. 2022) (granting summary judgment in favor of defendant insurer on § 58-63-15(11)(d) claim after finding there was nothing in the record "to indicate, for example, that the investigators were incompetent or untrustworthy"). An investigation that is "unscrupulous," "unethical," or "deceive[s]," may also be unreasonable. See Nelson v. Hartford Underwriters Ins. Co., 177 N.C. App. 595, 612, 630 S.E.2d 221, 233 (N.C. App. 2006) (granting summary judgment in favor of defendant insurer on § 58-63-15(11)(d) claim). In contrast, a conclusory allegation that an investigation was "improper" or "inadequate" is insufficient to state a claim under § 58-63-15(11)(d). See Manoula, 2022 WL 129322.

Plaintiff alleges Defendant violated § 58-63-15(11)(d) when Mariaca recommended further research and Defendant denied Plaintiff's claim without justification. (Compl. (Doc. 3) ¶¶ 10, 12.) Even if the failure to conduct further testing on these facts can give rise to a claim, Plaintiff does not sufficiently

- 17 -

allege that Defendant failed to conduct further investigation or testing.[11]

Plaintiff points to no cases in support of its argument that an investigation is rendered unreasonable when an investigator recommends further testing.[12] (See Pl's Resp. (Doc. 14) at 5–6.) Furthermore, Plaintiff fails to provide any facts to suggest that any additional testing would have demonstrated a valid claim. Plaintiff does not point to the specific ways in which Mariaca's investigation was unreasonably lacking in

---

[11] Plaintiff alleges new facts in its response. Its response states Defendant "failed to adhere to the advice of its own expert and conduct further testing and instead, denied the claim." (Pl.'s Resp. (Doc. 14) at 6.) The complaint does not allege facts that would allow this court to infer that Defendant failed to conduct further testing before denying the claim. The complaint only states that Mariaca recommended further research, Defendant denied Plaintiff's claim without justification, and Defendant failed to distribute funds. (Compl. (Doc. 3) ¶¶ 10, 12–13.)

[12] Local Rule 7.2 requires that all briefs contain "argument, which shall refer to all statutes, rules and authorities relied upon." LR 7.2(a)(4). In its argument in support of its bad faith claim, Plaintiff cites Lovell and Dailey, (Pl's Resp. (Doc. 14) at 3–4), for the elements of a bad faith claim. However, Plaintiff then supports its argument with a fact not alleged in the complaint. (Compare Compl. (Doc. 1) with Pl.'s Resp. (Doc. 14) at 4) ("However, instead of conducting further research, [Defendant] denied coverage . . . .").) Plaintiff offers no legal authority, cases or otherwise, to support the argument that the facts alleged in the complaint are sufficient to support a bad faith claim. (See Pl.'s Resp. (Doc. 14) at 3–4.) Plaintiff also offers no legal support for its theory as outlined in the brief. (Id.)

- 18 -

substance, nor does Plaintiff allege that the investigation was incompetent or unethical.

Plaintiff's allegations that Defendant's investigator recommended further research, and Defendant denied Plaintiff's claim, are not sufficient to state a claim that Defendant's investigation was unreasonable.

### b. § 58-63-15(11)(f)

Plaintiff alleges Defendant violated N.C. Gen. Stat. § 58-63-15(11)(f) by not attempting in good faith to effectuate prompt, fair, and equitable settlement of a claim in which liability had become reasonable clear. (Compl. (Doc. 3) ¶¶ 19, 24.)

A plaintiff must allege "that the insurer's liability is reasonably clear to plead an unfair and deceptive trade practice under subsection (f). A mere disputed claim is not sufficient." Neshat v. Nationwide Mut. Fire Ins. Co., No. 5:20-CV-664-D, 2021 WL 2168906, at *4 (E.D.N.C. May 27, 2021).

Plaintiff fails to sufficiently allege liability had become reasonably clear. Plaintiff's complaint and response recites the statutory language of 58-63-15(11)(f) and argues that "[w]hen damage was found by [Defendant's] own expert, liability became reasonably clear." (Pl.'s Resp. (Doc. 14) at 6.) However, Defendant's expert, Mariaca, recommended "further research."

- 19 -

(Compl. (Doc. 3) ¶ 10.) Furthermore, Plaintiff does not allege that either Zdeneck or Roof 911 reached a conclusion as to liability. (See id. ¶¶ 7-8.) Thus, Plaintiff does not sufficiently allege facts to plead a claim under § 58-63-15(11)(f).

### c. § 58-63-15(11)(n)

Plaintiff alleges Defendant violated N.C. Gen. Stat. § 58-63-15(11)(n) by failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement. (Compl. (Doc. 3) ¶¶ 19, 24.)

"An insurer violates subsection (n) when it 'fail[s] to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim.'" Martin v. Nautilus Ins. Co., 629 F. Supp. 3d 333, 341 (M.D.N.C. 2022) (quoting DENC, LLC, 32 F.4th at 51-52). The violation turns on whether the insurer provided a reasonable explanation, not whether the denial itself was reasonable. Id.

Additionally, an insurer violates § 58-63-15(11)(n) if they provide conflicting and confusing information to the insured about its coverage. DENC, LLC, 426 F. Supp. 3d at 156.

Here, Plaintiff alleges Defendant failed to provide any "justification" for the denial. (Compl. (Doc. 3) ¶ 12.) Plaintiff's response states Defendant "failed to provide a single explanation for denying [its] claim, must [sic] less a reasonable one." (Pl.'s Resp. (Doc. 14) at 6.) Although a complete failure to provide any explanation of denial of coverage is a violation of § 58-63-15(11)(n), Plaintiff fails to allege any additional facts to support its conclusory allegations. Notably, Plaintiff fails to reference any kind of denial letter or communications with Defendant that would give rise to a § 58-63-15(11)(n) claim. Summarily stating that Defendant failed to provide an explanation for a denial, without additional supporting facts, is not sufficient to state a claim under § 58-63-15(11)(n).

## V.    CONCLUSION

For the reasons stated herein, this court finds Defendant's Motion to Dismiss, (Doc. 7), should be granted, and both Count IIs, as to Subject Property One and Two, should be dismissed. "The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court. . . . Generally, when there has been no opportunity to amend, the dismissal should be without prejudice . . . ." In re Marriott Int'l, Inc. v. Customer Data Sec. Breach Litig., 543 F.

Supp. 3d 96, 156 (D. Md. 2021) (cleaned up). Here, the parties are subject to a Rule 26(f) Order which allows amended pleadings by Plaintiff through January 31, 2023. (Doc. 13.) Although the parties have completed discovery, this court will allow Plaintiff 21 days to amend the complaint. Should Plaintiff file an amended complaint, this court will hold a conference with the parties to determine how to proceed.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Count II, (Doc. 7), is **GRANTED.**

**IT IS FURTHER ORDERED** that Count II, Subject Property One, and Count II, Subject Property Two, are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff shall have 21 days to amend the Complaint should Plaintiff choose to amend the two Count IIs. Any amendments are limited to the issues as to the two Count II allegations.

This the 22nd day of September, 2023.

_____
United States District Judge

- 22 -